931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Margarita Rodriguez BROWN, Defendant/Appellant.
 No. 90-2089.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1991.
 
 1
 Before LOGAN and SEYMOUR, Circuit Judges, and SPARR, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DANIEL B. SPARR, District Judge.
 
 
 4
 Margarita Rodriguez Brown appeals her conviction in a jury trial for possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. Sec. 841(a)(1); Sec. 841(b)(1)(B), and 18 U.S.C. Sec. 2. The only issue on appeal is whether the trial court erred when it did not sever the appellant's trial from that of her co-defendant, Blanca Elizabeth Michaels.
 
 
 5
 Appellant made no request for severance of the trials, hence we must determine whether the district court's failure to sua sponte sever was plain error. See United States v. Killip, 819 F.2d 1542, 1547 (10th Cir.1987); United States v. Barron, 594 F.2d 1345, 1351 (10th Cir.1979). Indeed it appears counsel for appellant at trial knew that the co-defendant's interest might be "somewhat adversarial" but thought there was no conflict. I R. at 67 (transcript in 90-2090).
 
 
 6
 After the government rested, appellant presented no evidence. The alleged conflict arose when co-defendant Michaels took the stand and admitted all offenses of which she was charged, except for the intent to distribute. Michaels implicated appellant as the principal person involved in the scheme to transport a large quantity of marijuana into the United States. There was also an exchange, initiated on cross-examination by appellant's trial counsel which could be construed as impugning the integrity and ethics of a member of the law firm representing appellant.
 
 
 7
 Appellant's contention that her co-defendant's defenses were antagonistic and mutually exclusive is properly viewed under the standard of United States v. McClure, 734 F.2d 484 (10th Cir.1984). The court in McClure at 488, reiterated its prior holding that mere conflicting defenses do not, standing alone, constitute the showing of prejudice necessary for judicial severance (citing United States v. Calabrese, 645 F.2d 1379 (10th Cir.1981), cert. denied, 451 U.S. 1018 (1981)). The conflict alleged by the appellant is not of such a nature as to require separate trials.
 
 
 8
 Considering the failure to request severance, the knowledge of the potential conflict, the timing of the testimony, and all other factors, we hold that the trial court did not abuse its discretion in failing to sua sponte order severance of the trials when the conflict made its appearance after the government had already rested.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3